### REHKLAU et v. BOURNE.
Ohio Supreme Court.
No. 20692. Decided May 16 1928.
Error to Lucas Appeals.
Judgment reversed.

480. EVIDENCE—829 Negligence—1024 Res Gestae

1. In action for damages against driver of car which collided with car in which plaintiff was riding as guest, evidence of admissions made by owner driver of car in which injured guest was riding, made at time of accident, and to effect that collission was caused by negligence of driver of that car, properly admitted under proper instructions to jury.

2. Such admissions properly admitted, although too remote in point of time to be admissible as part of res gestae.

KINKADE, J.

1. In an action for damages for personal injuries arising by reason of a collision between two automobiles, brought by a guest riding in one of the cars against the owner and driver of the other car, evidence offered as a part of the res gestae by the defendant and admitted by the court, over the objection of the plaintiff, tending to establish admissions made by the owner and driver of the car in which the injured guest was riding, made at the time of the accident, and which admissions were to the effect that the collision was caused by the negligence of the driver of that car, does not constitute prejudicial error against the plaintiff, the injured guest, when the court instructs the jury that negligence on the part of the driver of that car cannot be attributed to the guest riding in the car, and thereby used to defeat a recovery by the guest from the owner and driver of the other car involved in the collision.

2. Even though such admissions be too remote in point of time to be admissible as a part of the res gestae, if they tend to refute the testimony given at the trial by the driver of the car in which plaintiff was riding as a guest, when called as a witness for plaintiff, they would be competent on that ground, and their admission would not constitute prejudicial error against the plaintiff, the negligence of the driver not being attributable to the guest and, the jury being so charged by the court.

(Marshall, CJ., Day, Allen, Robinson, Jones and Matthias, JJ., concur.)

### MOORE v. STATE.
Ohio Supreme Court.
No. 20965. Decided May 16, 1928.
Error to Greene Appeals.
Judgment reversed.

333. CRIMINAL LAW—223 Change of Venue.

Refusal to hear evidence upon issue of bias or prejudice, held to be reversible error.

MARSHALL, CJ.

1. A defendant in a criminal proceeding is entitled to have the case heard and determined by an impartial tribunal, and where the defendant is not entitled to demand a jury and the judge or magistrate is the trier of the facts and it is claimed that the judge has predetermined the fact of guilt and that the defendant will be unable to secure a fair trial for that reason and asks that the cause be removed to some other court of competent concurrent jurisdiction and offers to introduce evidence in support of the request for removal which is refused and the cause proceeds to judgment of conviction and sentence, such refusal to hear evidence is a denial of due process of law.

2. Upon motion being filed before a probate judge in a misdemeanor case where the defendant is not entitled to jury trial as of right on the ground that defendant will not be able to secure a fair trial before the court, it is the duty of the court to hear evidence upon the issue of bias or prejudice, if the objection is made and the evidence offered before trial, and refusal to do so is reversible error.

(Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

### STATE v. AXE.
Ohio Supreme Court.
No. 20925. Decided May 16, 1928.
Exceptions to Auglaize Common Pleas.
Exceptions sustained.

333. CRIMINAL LAW—396 Directed Verdicts.

Where evidence in criminal case tends to sustain all essential elements in indictment, error for court to direct verdict.

KINKADE, J.

When the evidence in a criminal case tends to sustain all the essential elements charged in the indictment, it is error for the trial court to withdraw the case from the jury and discharge the defendant.

(Marshall, CJ., Day, Allen, Robinson and Matthias, JJ., concur. Jones, J., dissents.)